IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DARRELL PICKENS | § | |
| v. | § | CIVIL ACTION NO. 9:10cv98 |
| DOUGLAS DRETKE, ET AL. | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Darrell Pickens, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

In his complaint, Pickens said that on February 25, 2010, an officer named Franklin intentionally destroyed certain personal property belonging to Pickens as an act of retaliation. Prison officials tried to get Pickens to sign an unfair property settlement agreement, which he refused to do. He was told that the destroyed photographs had no monetary value and so there was nothing that the agency could do to resolve it, but he was not offered compensatory damages.

On July 21, 2010, he was brought the property which he was allowed in Level I of administrative segregation, as well as property in a settlement agreement which Pickens apparently did agree to. This property consisted of consumable items, but many of them were stale and outdated, and he became ill when he ate them.

On March 4, 2010, he went to disciplinary court on charges of assaulting an officer, but during the hearing, it became evident that Pickens had simply been trying to defend himself against

unnecessary force by an officer. The hearing was recessed to get a statement from another officer, who might have supported Pickens' claim of self-defense, but he was found guilty anyway. After some problems with his appeal, he was allowed to listen to a tape of the hearing, but the escorting officer kept interrupting him. These actions caused him to get another disciplinary case in which he was accused of jerking away from the escorting officer.

In August of 2010, Pickens says that he was involved in another use of force, which resulted in his receiving three disciplinary cases. He raised an objection during the hearing on one of these cases and he was excluded from the hearing, which resulted in another use of force. During the course of this exclusion, an officer named Garcia injured Pickens' finger; the medical department told him that the injury was just a bump, but Pickens says that the bump has not yet gone down and needs X-rays. No use of force was documented, and so Pickens says that the medical department is "assisting officers in a cover-up."

After review of the pleadings, the Magistrate Judge issued a Report on January 26, 2011, recommending that the lawsuit be dismissed because Pickens has filed at least three lawsuits or appeals which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted, and so is barred by the "three strikes" provision of 28 U.S.C. §1915(g). This section bars prisoners who have filed three such lawsuits or appeals from proceeding *in forma pauperis* unless they show that they are in imminent danger of serious physical injury. Because Pickens made no such showing, the Magistrate Judge concluded that he could not proceed *in forma pauperis*, rendering his lawsuit amenable to dismissal.

Pickens filed objections to the Magistrate Judge's Report on February 11, 2011. In his objections, Pickens says that he is in imminent danger of serious physical injury because he has a shoulder injury as a result of a use of force which occurred on April 20, 2010. He says that this injury "may need major surgery" and thus qualifies as a "serious physical injury" under Section 1915(g).

Pickens also complains that he has been charged an initial partial filing fee and an installment payment system has been set up. He complains that the Court incorrectly cited a Fifth Circuit decision called Hatchet v. Nettles to assume that he is still obligated to pay the filing fee even though his complaint does not qualify for *in forma pauperis* status. Thus, he says, if his complaint is dismissed, all of the money which he has paid so far should be refunded to him. Pickens also says that his prior filings should not be used to determine whether or not his present complaint is frivolous.

Pickens' objections are without merit. As the Magistrate Judge explained, harms which have already occurred do not fall within the meaning of the phrase "imminent danger of serious physical injury." His speculation that his shoulder may need surgery does not qualify for the imminent danger exception, which requires that he face an imminent danger of serious physical injury as of the time of the filing of the complaint. *See* Baños v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); *accord*, Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3rd Cir. 2001) (imminent danger exception is a safety valve to prevent impending harms, not those which have already occurred). Furthermore, although Pickens complains about his shoulder in his objections, he makes no mention of this alleged injury in his original or amended complaints.

Pickens also complains that he has been assessed an initial partial filing fee and a collection order has been entered even though he cannot proceed *in forma pauperis*. The Fifth Circuit has held that inmates are obligated to pay the full filing fee for a complaint, and this obligation arises at the moment that the lawsuit is filed. Hatchet v. Nettles, 201 F.3d 651, 654 (5th Cir. 2000). This is true even where the complaint is subject to dismissal under 28 U.S.C. § 1915(g). *See* In re Alea, 286 F.3d 378 (6th Cir.2002); Anderson v. Sundquist, 1 F.Supp.2nd 828, 830 (W.D.Tenn.1998). Pickens' obligation to pay the full filing fee thus arose at the moment that he filed lawsuit, prior to the revocation of his *in forma pauperis* status or the dismissal of his lawsuit, and this obligation was not extinguished by either of these events. Thus, Pickens' request for a refund of the fees paid is without

merit. *See also* Williams v. Roberts, 116 F.3d 1126, 1128 (5th Cir.1997) (noting that appellate fees are assessed at filing, regardless of the outcome of the appeal).

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Plaintiff Darrell Pickens' *in forma pauperis* status be and hereby is REVOKED. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as to the refiling of another *in forma pauperis* lawsuit raising the same claims as herein presented, but without prejudice as to the refiling of this lawsuit without seeking *in forma pauperis* status and upon payment at the time of filing of the full $350.00 filing fee. Should Pickens pay the full fee within 30 days after the date of entry of final judgment in this case, he shall be allowed to proceed in his lawsuit as though the full fee had been paid from the outset. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this **8** day of **March, 2011.**

_____
Ron Clark, United States District Judge